IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PROXENSE, LLC,<br>　　　*Plaintiff,*<br><br>v.<br><br>MICROSOFT CORP,<br>　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | W-23-CV-00319-ADA |

### Order

Before the Court are the parties' claim constructions briefs. Plaintiff Proxense, LLC filed its complaint for patent infringement on May 2, 2023. ECF No 1. Defendant Microsoft Corporation submitted the opening *Markman* Brief on November 11, 2023, and the Reply *Markman* Brief on December 11, 2023. ECF Nos. 31, 46, respectively. Proxense submitted its response on November 27, 2023, and its sur-reply brief on December 27, 2024. ECF Nos. 42, 49, respectively. The parties also submitted their Joint Claim Construction Statement on January 10, 2024. ECF No 51. The parties informed the Court that they would rest on their briefing in lieu of a *Markman* hearing. This Order informs the parties of the Court's final constructions of the disputed terms. Further, the Court **ADOPTS** the agreed constructions from the Joint Claim Construction Statement. ECF No. 51 at 2.

I. **Legal Standard**

Generally, courts construe claim terms according to their plain and ordinary meaning. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc). The Federal Circuit applies a "heavy presumption" in favor of construing terms according to their plain and ordinary meaning,

that is, the "meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1347 (Fed. Cir. 2014) (vacated on other grounds); *Phillips*, 415 F.3d at 1313. The "only two exceptions to [the] general rule" that claim terms are construed according to their plain and ordinary meaning are when the patentee acts as his own lexicographer or disavows the full scope of the claim term either in the specification or during prosecution. *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012). To act as his own lexicographer, the patentee must "clearly set forth a definition of the disputed claim term," and "clearly express an intent to define the term." Id. at 1365. To disavow the full scope of a claim term, the patentee's statements in the specification or prosecution history must represent "a clear disavowal of claim scope." Id. at 1366. Accordingly, when "an applicant's statements are amenable to multiple reasonable interpretations, they cannot be deemed clear and unmistakable." *3M Innovative Props. Co. v. Tredegar Corp.*, 725 F.3d 1315, 1326 (Fed. Cir. 2013). While the specification "may aid the court" in analyzing disputed language in a claim, "particular embodiments and examples appearing in the specification will not generally be read into the claims." *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998) (internal citations omitted). Absent a "clear indication in the intrinsic record that the patentee intended the claims to be…limited," courts do not read limitations found in the specification into the claims. *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004).

## II.   The Court's Constructions of Disputed Terms

| **Claim Term** | Microsoft's Proposed Construction | Proxense's Proposed Construction | Court's Final Construction |
|---|---|---|---|
| "access message …" ('730 Patent claims 1, 15; | A message enabling acess | Adopt the Construction from *Proxense v. Samsung*, 6:21-cv-00210: | No construction necessary. Plain and ordinary meaning. |

| | | | |
|---|---|---|---|
| '954 Patent claim 1; '905 Patent claim 1) | | A signal or notification enabling or announcing access. | |
| "wherein the biometric data and the scan data are both based on a fingerprint scan by the user."<br><br>('730 Patent, claim 5) | Indefinite or invalid under 35 U.S.C. § 112, ¶ 4 | Adopt the Construction from *Proxense v. Samsung*, 6:21-cv-00210:<br><br>Plain and ordinary meaning. No construction needed. | No construction necessary. Plain and ordinary meaning. |
| "receiver-decoder circuit"<br><br>('042 Patent, claim 10; '289 Patent, claim 14) | A circuit that wirelessly receives encrypted data from the PDK and decodes it | Adopt the Construction from *Proxense v. Samsung*, 6:21-cv-00210:<br><br>A component or collection of components, capable of wirelessly receiving data in an encrypted format and decoding the encrypted data for processing. | A component or collection of components, capable of wirelessly receiving data in an encrypted format and decoding the encrypted data for processing |
| "personal digital key"<br><br>('042 Patent, claim 10) | A device that includes an antenna, a transceiver for communicating with the RDC and a controller and memory for storing | Adopt the Construction from *Proxense v. Samsung*, 6:21-cv-00210:<br><br>An operably connected collection of elements | An operably connected collection of elements including an antenna and a transceiver for communicating with a RDC and a controller and memory for storing information particular to a user |

| | | |
|---|---|---|
| information particular to a user | including an antenna and a transceiver for communicating with a RDC and a controller and memory for storing information particular to a user. | |

SIGNED this 24th Day of May, 2024.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE