IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PROXENSE, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>      Defendant. | Case No. 6:23-cv-00319-ADA<br><br>**JURY TRIAL DEMANDED** |

**MICROSOFT'S OPPOSED MOTION TO DISMISS THE '730 PATENT
<u>WITH PREJUDICE</u>**

The Court should dismiss "Claim 1" of the Amended Complaint, alleging infringement of claims of the '730 patent, with prejudice.  On April 28, 2025, the Patent Trial and Appeal Board ("PTAB") issued orders cancelling every claim of the '730 patent.  The PTAB took this drastic action at Proxense's behest—seeking to unstay a reexamination of the '730 patent, Proxense conceded the unpatentability of all claims of the '730 patent and sought adverse judgment to terminate all IPR proceedings involving the '730 patent.  As a result of the PTAB's orders, there are no claims of the '730 patent for Proxense to assert.  Accordingly, the Court should dismiss the '730 patent with prejudice under Rule 12(b)(1) for lack of subject-matter jurisdiction.

## I. BACKGROUND

Proxense's Amended Complaint alleges as "Claim 1" that "Microsoft infringes at least claims 1, 2, 3, 5, 15, 16, and 17 of [U.S. Patent No. 8,352,730 ("the '730 patent")] . . . ." Dkt. 93, ¶ 83.  Until April 28, 2025, the '730 patent was subject to multiple *inter partes* review proceedings together challenging all claims.  *See* IPR2024-00232 (claims 1-6 and 8-17); IPR2024-00775 (claims 1-17); IPR2024-01333[1] (claims 1-6 and 8-17).  The '730 patent is also the subject of *ex parte* reexamination in *In re Proxense, LLC*, Application No. 90/015,052, filed on June 8, 2022 ("the Reexam").  On March 27, 2025, the Patent Trial and Appeal Board stayed the Reexam pending the termination or completion of IPR2024-00232.  Dkt. 86-9 at 8.  In ordering this stay, the Board noted that Proxense failed to identify the Reexam as a Related Matter pursuant to § 37 C.F.R. 42.8(b)(2) and failed to update its Mandatory Notices identifying material developments in the Reexam.  *See id*. at 5-6.  The undisclosed material developments included Proxense's decision to amend claims in the co-pending Reexam in a manner suggested by the Examiner following an *ex parte* interview.

---

[1] This proceeding was joined with IPR2024-00232 on October 8, 2024.

On April 15, 2025, Proxense requested adverse judgment "in IPR2024-00775 based on the concessions of unpatentability made when Patent Owner authorized entry of the Examiner's amendment in EPR 90/05,052." Dkt. 86-11 at 2. Proxense similarly filed a request for adverse judgment in IPR 2024-00232 on April 15, 2025. Dkt. 86-12 at 2. In its requests, Proxense "conceded the unpatentability of the claims at issue in this proceeding" and "requests adverse judgment pursuant to 42.73(b)(3)." *Id*.

On April 28, 2025, in IPR2024-00775, the Patent Trial and Appeal Board ("PTAB") ordered that "adverse judgment is hereby entered against Patent Owner pursuant to 37 C.F.R. § 42.73(b) with respect to claims 1-17 of U.S. Patent No. 8,352,730 B2[.]" Dkt. 90-1 at 3. In this Order, the PTAB held "that claims 1-17 of U.S. Patent No. 8,352,730 B2 are cancelled[.]" *Id*. The PTAB further ordered that this "Order constitutes a Final Written Decision under 35 U.S.C. § 318(a)" and that "pursuant to 37 C.F.R. § 42.73(d)(3), Patent Owner shall not take any action inconsistent with this adverse judgment, including obtaining in any patent a claim that is not patentably distinct from the cancelled claims in this proceeding[.]" *Id*.

On April 28, 2025, in IPR2024-00232, the PTAB also ordered that "adverse judgment is hereby entered against Patent Owner pursuant to 37 C.F.R. § 42.73(b) with respect to claims 1-6 and 8-17 of U.S. Patent No. 8,352,730 B2[.]" Dkt. 90-2 at 3. In this Order, the PTAB held "that claims 1-6 and 8-17 of U.S. Patent No. 8,352,730 B2 are cancelled[.]" *Id*. In this Order, the PTAB lifted the stay of Reexamination Control No. 90/015,052 and recommended "that the Reexamination Examiner consider whether estoppel under 37 C.F.R. § 42.73(d)(3)(i) should preclude Patent Owner from taking action inconsistent with the adverse judgment." *Id*.

Despite these developments, and Microsoft's month-long correspondence and meet and confers, all of which centered around Proxense dismissing the '730 patent, Proxense filed an

amended complaint on May 6, 2025 that continues to assert the '730 patent. Ex. A; Dkt. 93. On May 6, 2025, counsel for Microsoft requested again that Proxense dismiss all claims of the '730 patent with prejudice. *Id*. at 2. Counsel for Microsoft followed up on May 7. *Id*. at 1-2. On May 7, 2025, counsel for Proxense stated that it "must limit the dismissal to the asserted claims" of the '730 patent with prejudice. *Id*. at 1.

## II.  LEGAL STANDARD

Under Article III of the United States Constitution, "an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Already LLC v. Nike, Inc.*, 133 S. Ct., 721, 726 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)). When a patentee files a disclaimer of all asserted claims, the court is divested of jurisdiction as all disputes over that patent become moot. *See Sanofi-Aventis U.S., LLC v. Dr. Reddy's Lab'ys, Inc.*, 933 F.3d 1367, 1373 (Fed. Cir. 2019); *see also Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446-RWS-KNM, 2019 WL 3315460, at *3 (E.D. Tex. June 10, 2019) (dismissing the plaintiff's claims with prejudice for lack of subject matter jurisdiction where the plaintiff has disclaimed all claims in the patents-in-suit under 37 C.F.R. § 1.321(a)), report and recommendation adopted, No. 6:16-CV-446-RWS-KNM, 2019 WL 3304703 (E.D. Tex. July 23, 2019). Nor can a claim of infringement continue if a claim is cancelled or amended. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[I]n general, when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."); *see also SHFL Entm't, Inc. v. DigiDeal Corp.*, 729 Fed.Appx. 931, 934 (Fed. Cir. 2018) (finding that because claims were cancelled during reexamination, the case was moot as to those cancelled claims); *Target Training Int'l, Ltd. v. Extended Disc N. Am.*, 645 F. App'x 1018, 1026 (Fed. Cir. 2016) (finding that district court did not err in dismissing the suit as moot in light of the cancellation in reexamination of the only claims asserted in the case).

**III.   ARGUMENT**

The Court should dismiss "Claim 1" of the Amended Complaint, alleging infringement of the '730 patent, from this case with prejudice. All claims of the '730 patent are cancelled. The PTAB cancelled these claims as a direct result of the adverse judgment Proxense requested in all pending IPR proceedings. In requesting this adverse judgment, Proxense conceded the unpatentability of all of these claims. Not one claim of the '730 patent remains. Accordingly, Proxense's agreement to only dismiss the asserted claims of the '730 patent is insufficient and erroneous because Proxense is alleging that Microsoft infringes at least certain claims, clearly reserving a right to assert more than those listed. *See* Dkt. 93 at ¶ 83. Put simply, because all of the claims of the '730 patent are cancelled, all claims of the '730 patent should be dismissed with prejudice.

This Court has dismissed patent claims from a case with prejudice where the patent owner statutorily disclaimed the claims at issue. *See Trustees of Purdue Univ. v. STMicroelectronics, Inc.*, No. 6:21-cv-00727-ADA, Dkt. 158 (W.D. Tex. Oct. 19, 2022) (adopting report recommending that the Court dismiss **with prejudice** infringement claims relating to a patent that the patent owner had disclaimed) (Albright, J.). In that case, the plaintiff disclaimed all claims after the PTAB instituted *inter partes* review on a petition defendants filed against the patent-at-issue, and requested adverse judgment which was granted by the PTAB. *See Trustees of Purdue Univ. v. STMicroelectronics, Inc.*, No. 6:21-cv-00727-ADA, 2022 WL 4594031, at *1 (W.D. Tex. Sept. 28, 2022).

Similarly, because Proxense requested adverse judgment pursuant to 42.73(b)(3) and "conceded the unpatentability of the claims at issue [for the '730 patent] in this proceeding[,]" the '730 patent should be dismissed from this case with prejudice. Dkt. 86-11; Dkt. 86-12. Although the plaintiff in *Trustees of Purdue Univ.* statutorily disclaimed the challenged claims, any alleged

4

distinction is not meaningful for the purposes of Microsoft's requested relief. In both cases, the patent-at-issue is a legal nullity and all disputes regarding the patent-at-issue are moot. Accordingly, Proxense's infringement claims directed to the '730 patent must be dismissed with prejudice under Rule 12(b)(1).

## IV. CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court dismiss "Claim 1" of the Amended Complaint, alleging infringement of the '730 patent, from this case with prejudice.

Date: May 9, 2025                                         Respectfully submitted,

/s/ Benjamin C. Elacqua
Betty Chen
TX Bar No. 24056720
bchen@desmaraisllp.com
DESMARAIS LLP
101 California Street, Suite 3070
San Francisco, CA 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901

Jason W. Wolff
CA Bar No. 215819
wolff@fr.com
James Yang
CA Bar No. 323287
jyang@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Benjamin C. Elacqua
Texas Bar No. 24055443
elacqua@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100

Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109

Joseph R. Dorris
GA Bar No. 586708
dorris@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA  30127
Telephone:  (404) 724-2851
Facsimile:  (404) 892-5002

Claire Chang
CA Bar No. 341420
cchang@fr.com
FISH & RICHARDSON P.C.
500 Arguello St, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Melissa Smith
Texas Bar Number 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450

**COUNSEL FOR DEFENDANT, MICROSOFT CORPORATION**

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for the parties met and conferred telephonically on May 5.  David Hecht and Maxim Price attended for Plaintiff.  Benjamin Elacqua attended for Defendant.  Counsel for Defendant stated that because Plaintiff requested adverse judgement in the IPR proceedings that involve all claims of the '730 patent, and the PTO granted Plaintiff's requests for adverse judgment, all claims of the '730 patent should be dismissed from this case with prejudice.  Further, both parties agree that motion practice is not necessary with respect to the dismissal of the '730 patent from this case.  Despite this, counsel for Plaintiff stated that they do not agree to Microsoft's requested relief, namely to dismiss all claims of the '730 patent with prejudice, and only agree to dismiss the asserted claims of the '730 patent with prejudice.

*/s/ Benjamin C. Elacqua*
Benjamin C. Elacqua

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on May 9, 2025, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Benjamin C. Elacqua*
Benjamin C. Elacqua