IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PROXENSE, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>       Defendant. | Case No. 6:23-cv-00319-ADA<br><br>**JURY TRIAL DEMANDED** |

**MICROSOFT'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO DISMISS THE
'730 PATENT WITH PREJUDICE**

The Court should dismiss all claims of the '730 patent (*i.e.*, claims 1-17) with prejudice under Rule 12(b)(1) for lack of subject-matter jurisdiction. There can be no dispute that the '730 patent issued only with claims 1-17. In opposition, Proxense does not dispute that it conceded unpatentability of claims 1-17 and sought adverse judgment from the PTAB, which issued a Final Written Decision cancelling all claims 1-17. Nor does Proxense dispute that, after the PTAB cancelled every claim of the '730 patent, it elected in its Amended Complaint to allege infringement of "***at least*** claims 1, 2, 3, 5, 15, 16, and 17." Dkt. 103 ("Opp.") at 5; Dkt. 93, ¶ 83. No claims remain in the '730 patent to be asserted, so Microsoft's requested relief and proposed order—with or without enumerating claims 1-17—is proper.

Microsoft's motion does not, as Proxense alleges, attempt to "preemptively litigate" whether Proxense will be able to assert any "***new*** claims that ***may*** be allowed and ***may*** form the basis for a ***future*** cause of action." *See* Opp. at 2, 3. Of course, the possibility that such new claims will ever issue is even more speculative because the Examiner newly rejected all of Proxense's amended claims over prior art and further rejected all amended claims as "not being patentably distinct from" claims 1-17 cancelled by the PTAB. Dkt. 104-1 at 6-25 (Office Action dated May 20, 2025).[1] Setting aside speculation, no new claims have issued and no claims have been indicated as allowable. This is not the case to litigate whether "Proxense retains the right to bring an action on amended claims if, and when, those claims issue" or whether *res judicata* will bar such an action. Opp. at 2. Thus, the possibility of ***new*** claims cannot save ***original*** claims from dismissal with prejudice.

---

[1] Proxense's opposition, filed May 23, 2025, predicts that "the 730 Patent may soon reemerge from re-examination with amended claims," but does not disclose these new rejections. Opp. at 1.

## I. DISMISSAL WITH PREJUDICE SHOULD EXTEND TO ALL ISSUED CLAIMS OF THE '730 PATENT

Proxense concedes that all 17 claims of the '730 patent are invalid but argues that only claims 1, 2, 3, 5, 15, 16, and 17 should be dismissed with prejudice. Opp. at 1, 5. Dismissal with prejudice, however, should extend to all issued claims of the '730 patent. Before the Patent Office, Proxense conceded invalidity of all claims 1-17 and sought PTAB's entry of adverse judgment (Dkt. 90-1; Dkt. 90-2). *See Trustees of Purdue Univ. v. STMicroelectronics Int'l*, No. 6:21-cv-727-ADA, 2022 WL 4594031, at *1 (W.D. Tex. Sep. 28, 2022) (disclaimer "represents Plaintiff's intention to permanently withdraw its infringement claims from any federal action and, as such, a dismissal with prejudice is appropriate") (report and recommendation adopted in *Trustees of Purdue Univ. v. STMicroelectronics Int'l*, 6:21-cv-727-ADA, ECF No. 158 (W.D. Tex. Oct. 19, 2022)). While Proxense splits hairs over the basis for its request for adverse judgment (*i.e.*, conceding patentability in the IPR rather than statutory disclaimer), Proxense's concession of unpatentability and PTAB's subsequent cancellation of all claims 1-17 is just as convincing to demonstrate Proxense's intent to withdraw its infringement claims from this action. *See Purdue*, 2022 WL 4594031, at *1. And so late in this case and with full knowledge of PTAB's cancellation of every claim, Proxense elected to allege infringement of "***at least*** claims 1, 2, 3, 5, 15, 16, and 17." Having conceded invalidity of all claims and pleading infringement of an open-ended number of claims despite their cancellation, dismissal of all claims with prejudice is appropriate.

Proxense's reliance on *Allergan, Inc. v. Sandoz, Inc.*, 681 F. App'x 955, 963-64 (Fed. Cir. 2017) is misplaced. Opp. at 2. *Allergan* addressed the issue of whether a district court could invalidate unasserted claims, and unlike here, did not relate to a patent owner obtaining adverse judgment and the PTAB cancelling every claim of the patent-at-issue. *Allergan*, 681 F. App'x at 962-64. Here, Microsoft's motion does not request the Court invalidate any claims of the '730

2

patent. Indeed, Proxense already did that by obtaining adverse judgment at the PTAB. Dkt. 90-1; Dkt. 90-2. Further, unlike Proxense's election to allege infringement of "at least" seven claims, the Second Amended Complaints in *Allergan* alleged infringement of three specific claims, down from the original twenty-six. Dkt. 93, ¶¶ 83, 84, 105, 106; *Allergan*, 681 F. App'x at 958 (comparing first and second amended complaints). And despite Proxense's misdirection, Microsoft does not seek dismissal with prejudice of "***future*** amended claims." Opp. at 3. Instead, Microsoft's motion seeks such dismissal of all issued claims of the '730 patent.

Proxense's reliance on *Target Training Int'l, Ltd. v. Extended Disc N. Am.*, 645 F. App'x 1018, 1025 (Fed. Cir. 2016)—where the Federal Circuit affirmed the district court's dismissal of a suit in light of the cancellation in reexamination of the only claims asserted in the case—is similarly misplaced. In citing to *Target Training*, Proxense relies on a quote relating to accrual of unelected claims from *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir. 2012). Opp. at 2-3. Here, there is nothing to accrue because all claims are cancelled, and no amended claims exist. Additionally, Proxense elected to allege infringement of "at least" certain claims, not just specified claims. And unlike the plaintiff in *Target Training*, Proxense does not have a reexamination certificate confirming new claims as patentable. *Target Training*, 645 F. App'x at 1021. Here, because the PTAB granted Proxense's request for adverse judgment—and thus cancelled—***all*** issued claims of the '730 patent, Microsoft rightfully seeks dismissal of ***all*** claims 1-17 of the '730 patent with prejudice.

## II.    CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court dismiss all claims of the '730 patent from this case with prejudice.

Date: May 30, 2025

Respectfully submitted,

/s/ *Benjamin C. Elacqua*
Betty Chen
TX Bar No. 24056720
bchen@desmaraisllp.com
DESMARAIS LLP
101 California Street, Suite 3070
San Francisco, CA 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901

Jason W. Wolff
CA Bar No. 215819
wolff@fr.com
James Yang
CA Bar No. 323287
jyang@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Benjamin C. Elacqua
Texas Bar No. 24055443
elacqua@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109

Joseph R. Dorris
GA Bar No. 586708
dorris@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA  30127
Telephone: (404) 724-2851
Facsimile: (404) 892-5002

Claire Chang
CA Bar No. 341420
cchang@fr.com
FISH & RICHARDSON P.C.
500 Arguello St, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Melissa Smith
Texas Bar Number 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450

**COUNSEL FOR DEFENDANT,
MICROSOFT CORPORATION**

**CERTIFICATE OF SERVICE**

      Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on May 30, 2025, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                             */s/ Benjamin C. Elacqua*
                                               Benjamin C. Elacqua